HENRY E. BARNES, JR., v. ABBY G. MENDENHALL and Others.[1]

July 5, 1900.

Nos. 12,113—(196).

**Payment of Debts by Trustee—Interest.**

> A trust company was obligated to pay the debts of M., not to exceed $130,000. For the purpose of finding a proper rate of distribution, all of the indebtedness of M. was computed with interest to January 1, 1894, and amounted to a total of $140,000. *Held,* creditors who had been paid in part prior to January 1, 1894, were not entitled to receive interest on such amounts from date of payment to January 1, 1894.

Appeal by plaintiff, substituted in place of David C. Bell as receiver of the City Bank, from a judgment of the district court for Hennepin county, entered pursuant to the findings of McGee, J. Affirmed.

*Harlan P. Roberts,* for appellant.

*Rome G. Brown, Charles S. Albert* and *J. B. Atwater,* for Minneapolis Trust Company, respondent.

LEWIS, J.

In 78 Minn. 57, 80 N. W. 843, will be found a statement of the

[1] Reported in 83 N. W. 391.

facts necessary to an understanding of the history of this case This court there held that the maximum liability of appellant was $130,000 as of January 1, 1894, and that the aggregate amount of the indebtedness should be figured with interest up to that date, in order to determine the pro rata share of distribution.

Applying this principle, the trial court found that the total amount of debts, as of January 1, 1894, was $140,000, and that the creditors should receive $92^6/_7$ per cent. of their claims as of January 1, 1894; and the only question involved in this appeal is, did the court correctly estimate the amount of appellant's claim? The court found that the City Bank, which is represented by plaintiff, was a creditor, on August 16, 1893, in the sum of $20,000, which was represented by a note, with interest at ten per cent. due on that day, which amount respondent trust company paid on that day; also, that the bank was a creditor, on October 13, 1893, on certain other notes, drawing interest at ten per cent., due on that day, amounting to $6,500; which respondent paid on that day; also, that the bank was a creditor in the sum of $4,000, with interest at ten per cent. from April 13, 1896, but which has not been paid. In computing the aggregate amount of indebtedness according to the rule above stated, interest was figured on all of these notes to January 1, 1894, the total amounting to $31,356.88. The bank having been paid, as stated, $26,500, in order to equalize the matter the court directed that $7^1/_7$ per cent. of the $26,500 already paid be deducted from the amount still unpaid, and that $92^6/_7$ per cent. of the balance was the actual amount due.

The appellant contends that, if interest on the whole amount of claims held by the bank is taken into account in estimating the total amount of indebtedness, then $92^6/_7$ per cent. should be allowed on the total amount of the bank's claim as of January 1, 1894, and that, taking $92^6/_7$ per cent. of the $26,500, without interest on that amount to January 1, 1894, leaves the bank short, and the trust company ahead, in that amount. But we think this position is not well taken. The date January 1, 1894, was fixed as the proper date to estimate the percentage defendant should pay, not for the purpose of readjusting the indebtedness which had been paid to creditors. If, by the rule adopted, the trust company is ahead by that

amount, it lost the use of the money for the time the bank had it; and if the bank now draws less than its full percentage as of January 1, 1894, it had the use of the money during that time. It is no answer to say that the money was advanced on these notes as mere voluntary payments. It was paid in the regular course of business, upon paper then due, and was neither paid nor received as voluntary payments. Neither can any relief be accorded because the money might not have been worth ten per cent. to the bank. It might have been worth that to the trust company. There is no finding upon that question, and, of the two possible methods of adjustment,—that proposed by appellant, and the one adopted by the trial court,—we think the latter was the correct one.

Judgment affirmed.